Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
TEL: (213) 736-9900
FAX: (213) 417-8800
Email: o.orange@orangelawoffices.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CARTER,<br><br>                 Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, CHARLIE BECK, FITNESS INTERNATIONAL, LLC, and DOES 1 through 10,<br><br>                 Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (First Amendment)<br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourteenth Amendment)<br>3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1988 (Conspiracy)<br>5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability—*Monell*)<br>6. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal and Supervisory Liability—*Larez*) (Failure to Train and Supervise—*Canton*)<br><br>SUPPLEMENTAL STATE CLAIMS<br><br>7.    California Civil Conspiracy<br>8.    False Imprisonment<br>9.    California Civil Code §§ 51, 51.5<br>10.   California Civil Code § 51.7<br>11.   California Civil Code § 52.1<br><br>JURY DEMAND |

Complaint for Damages

**PLAINTIFF ALLEGES AS FOLLOWS**:

This is a complaint for damages based upon federal and state civil rights violations committed by the Defendant City of Los Angeles, Fitness International, LLC (also known as LA Fitness) and their respective officials, employees, and/or agents.

## JURISDICTION

1. Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988 and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1–4). Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367. Plaintiff has complied with California's Tort Claims Act.

## VENUE

2. The claims alleged herein arose from events or omissions that occurred in the County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### *Plaintiff*

3. Plaintiff JASON CARTER ("Mr. Carter") is a resident of the State of California. At all times material to this Complaint, Mr. Carter was a private citizen of the State of California, United States of America.

### *Defendants*

4. Mr. Carter is informed, believe, and thereupon alleges that Defendant CHARLIE BECK ("Defendant Beck") was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and

2

Complaint for Damages

scope of his employment and office as the Chief of the Los Angeles Police Department ("LAPD"). He is being sued individually and in his official capacity.

5. Mr. Carter is informed, believe, and thereupon alleges that Defendant CITY OF LOS ANGELES ("Defendant City") is a duly constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

6. Mr. Carter is informed, believe, and thereupon alleges that Defendant FITNESS INTERNATIONAL, LLC ("LA Fitness") is a duly registered business entity doing business in the State of California, and is, or was, the employer of one, or all, of Defendant DOES 1 through 10.

7. The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 10 ("Doe Defendants") are presently unknown to Mr. Carter. Mr. Carter therefore sues such persons using "Does" as fictitiously-named defendants. Mr. Carter is informed, believe, and thereupon allege that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below. Mr. Carter will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

8. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California, and the corporate, business and/or entity Defendants, and each of them, are residents of the County of Los Angeles, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

Complaint for Damages

9. Mr. Carter is informed, believe, and thereupon alleges that all Defendants employed by Defendant City were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant City, and/or under color of law. Mr. Carter is informed, believe, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant City, by and through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendant Beck and applicable Doe Defendants.

10. Mr. Carter is informed, believe, and thereupon alleges that all Doe Defendants employed by LA Fitness, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for LA Fitness. Mr. Carter is informed, believe, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by LA Fitness, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

11. Mr. Carter is informed, believe, and thereupon alleges that all Defendants employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Mr. Carter is informed, believe, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

12. Mr. Carter is informed, believe, and thereupon alleges that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of Defendant City and/or Doe Defendants, participated in, approved of, ratified,

4

and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

13. Mr. Carter is informed, believe, and thereupon alleges that at all times herein mentioned, each of the Defendants—including officials, supervisors, watch commanders, and other policy makers from Defendants City, LA Fitness and/or Doe Defendants and their agents—was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Mr. Carter is informed, believe, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Mr. Carter of his respective rights to privacy, freedom of movement, security in person and effects, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Mr. Carter, as mentioned in this entire Complaint, were done, partially if not entirely, because of Mr. Carter's race, gender, perception of thereof and/or other discriminatory bases. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and/or within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Mr. Jason Carter, Plaintiff, is a black male. He was a loyal member of LA Fitness from 2001 until 2013. He frequented the LA Fitness Miracle Mile location at 5950 Wilshire Blvd., Los Angeles, CA 90036. He exercised and socialized at this fitness club at least three times a week. Up until July 10, 2013, he never had a problem there.

Complaint for Damages

15.  However, on July 10, 2013, two hours after returning home from LA Fitness, Mr. Carter received a phone call from the LA Fitness Miracle Mile location showing its telephone number on caller-ID, placed by a Los Angeles Police Department officer named "Tony," telling Mr. Carter in a voicemail message that he was caught on surveillance tape stealing some items from a locker and that the victim wanted the items back. The officer then threatened that if the officer did not hear from Mr. Carter, and if Mr. Carter did not show-up at LA Fitness, he would be filing a report and getting a search warrant to search Mr. Carter's house.

16.  Alarmed, Mr. Carter reported to LA Fitness to inquire about the situation. Upon Mr. Carter's arrival, he was directed to and confined in an area of appreciable boundaries and told that he could not leave until the theft victim had a chance to identify whether or not he was the thief. The theft victim later made crystal clear that Mr. Carter was not the thief. Mr. Carter then sought answers from management as to how and why he was identified as a suspect.

17.  By asking questions of L.A. Fitness employees, Mr. Carter discovered that LA Fitness employees: (i) reviewed camera footage from a neighboring business and determined that the thief must have been a black male; (ii) looked through club records for all of the black males who were in attendance at or near the time of the theft; (iii) called the Los Angeles Police Department and told them that there was a theft perpetrated by on of the club's black male members and providing the LAPD with the compiled list; (iv) collaborated with the LAPD and "Officer Tony" in contacting and threatening the black male members by providing the LA Fitness facility for use as a staging location to resolve the LAPD threats of search and arrest; (v) collaborated with the LAPD and "Officer Tony" by providing the LA Fitness facility as a show-up identification location; and (vi) collaborated with the LAPD and "Officer

Complaint for Damages

Tony" by allowing the use of LA Fitness telephone lines to communicate the LAPD threats to Mr. Carter.

18. When Mr. Carter voiced his displeasure with the situation, and his discomfort with LA Fitness and LAPD employees' conduct, he was told that he should attend the LaCienega LA Fitness location, a location with a much higher percentage of black patrons.

19. As a result of Mr. Carter's race and gender, Defendants took joint, agreed upon, and simultaneous action to threaten, detain and question Mr. Carter for an excessive and unreasonable period of time. Mr. Carter is informed, believes, and thereupon alleges that Defendants would not have engaged in the complained of action against him but for his race and gender. There was no lawful basis for any of the Defendants' actions.

20. Mr. Carter is informed, believes, and thereupon alleges that this incident, insofar as the LAPD is concerned, is the result of a failure of the LAPD to supervise, train, and discipline its officers as to acts such as those complained of herein, and that such failure is in the face of an obvious likelihood that individuals' constitutional rights have been, and are likely to be, violated without appropriate supervision, training, and discipline.

## DAMAGES

21. Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Carter to suffer the following: violation of civil rights, loss of freedom of association, loss of enjoyment of freedom of association, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering and great and extreme mental anguish.

22. Mr. Carter endured, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## CLAIMS FOR RELIEF

***

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### First Amendment (Freedom of Association)

### Against All Defendants Except Beck Individually

23. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

24. By engaging in the complained of acts, Defendants interfered with and chilled Mr. Carter's freedom of association. LA Fitness is indeed a health club where members exercise and socialize.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Fourteenth Amendment (Equal Protection / Substantive Due Process)

### Against All Defendants Except Beck Individually

25. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

### *Equal Protection*

26. The acts complained of herein were directed toward Mr. Carter because of his race and gender. Persons of different races and genders were expressly and intentionally excluded from being subjected to the complained of conduct.

27. There is no rational basis for the difference in treatment.

*Substantive Due Process*

28. The complained of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

29. The acts of Defendants were discriminatory and deliberate. All Defendants acted maliciously and oppressively.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Fourth Amendment (Unlawful Seizure)

### Against All Defendants Except Beck Individually

30. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

31. The unlawful seizure and prolonged detention of Mr. Carter by Defendants were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Carter's Fourth Amendment rights.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)

### Conspiracy to Violate Civil Rights

### Against All Defendants Except Beck Individually

32. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

33. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Carter's civil rights afforded under the United States Constitution.

Complaint for Damages

34. The joint, collaborative, intentional, and thus, conspiratorial action of the Defendants makes each of them liable for the acts of the others.

## FIFTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Unconstitutional Policy, Custom, or Procedure (*Monell*)
### Against Defendant City

35. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

36. Defendant City violated Mr. Carter's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

(i)    Mr. Carter alleges that Defendant City has a *de facto* policy, custom, and/or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain, or threaten to falsely detain, persons in violation of constitutional rights.

37. Defendant's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Carter's constitutional rights at issue in this case.

38. Mr. Carter is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City, by and through its decision makers.

39. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Carter.

40. Mr. Carter specifically alleges that Defendant City's policy, custom, and/or practices, as described herein, were within the control of Defendant City and within the feasibility of Defendant City, to alter, adjust, and/or correct so as to

prevent some or all of the unlawful acts and injury complained of herein by Mr. Carter.

## SIXTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Failure to Train, Supervise, Discipline, or Correct (*City of Canton*)**

**Against Defendants Beck and City**

**&**

**Individual Supervisory Liability (*Larez*)**

**Against Defendant Beck**

41. Mr. Carter incorporates all paragraphs, as though fully set forth herein.

42. Defendants Beck and City violated Mr. Carter's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

(i)   Mr. Carter is informed, believes, and thereupon alleges that Defendants Beck and City have ample reason to know, based upon arrest reports, claims for damages, *inter alia*, that LAPD officers and/or employees regularly engage in the misdeeds set forth in this entire complaint;

(ii)   Mr. Carter is informed, believes, and thereupon alleges that Defendants Beck and City have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LAPD as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws; and

(iii)   Mr. Carter alleges that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendants Beck and City, by and through its decision makers. These include,

11

but are not limited to, Defendant Beck and his subordinates, as necessary to further these improper policies, practices, customs, and procedures.

43. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Carter.

44. Defendant Beck acted in a supervisory capacity with respect to the incidents involving Mr. Carter. In that capacity, Defendant Beck acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Mr. Carter.

45. These supervisory failures of Defendant Beck directly caused and contributed to Mr. Carter's damages.

46. Mr. Carter specifically alleges that Defendants Beck and City's policy, custom, and practice, as described *supra*, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Carter.

## SEVENTH CLAIM FOR RELIEF
### CALIFORNIA CIVIL CONSPIRACY
**Against All Defendants Except Beck Individually**

47. Mr. Carter incorporates all preceding paragraphs, as though fully set forth herein.

48. This cause of action arises under the general laws and Constitution of the State of California and is specifically set forth in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 511 (1994) ("The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.")

Complaint for Damages

49. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Carter's civil rights afforded under the California Constitution.

50. The joint, collaborative, intentional, and thus, conspiratorial action of the Defendants makes each of them liable for the acts of the others.

51. Defendants are liable to Mr. Carter for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## EIGHTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
### Against All Defendants Except Beck Individually

52. Mr. Carter incorporates all preceding paragraphs, as though fully set forth herein.

53. The unlawful seizure and prolonged detention of Mr. Carter by Defendants were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Carter's civil rights.

54. Mr. Carter was confined within appreciable boundaries and was not free to leave.

55. Defendants are liable to Mr. Carter for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

Complaint for Damages

## NINTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 51.5

### Against All Defendants Except Beck Individually

56. Mr. Carter incorporates all preceding paragraphs, as though fully set forth herein.

57. The acts complained of herein were directed toward Mr. Carter because of his race and gender. Persons of different races and genders were expressly and intentionally excluded from being subjected to the complained of conduct.

58. Defendants are liable to Mr. Carter for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## TENTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

### Against All Defendants Except Beck Individually

59. Mr. Carter incorporates all preceding paragraphs, as though fully set forth herein.

60. As alleged *supra*, Mr. Carter was the victim of an unlawful detention that originated and was prolonged by Defendants on account of his race and gender.

61. Also as alleged *supra*, Mr. Carter was the victim of an unlawful threat of an unlawful search by Defendants via "Officer Tony." The threat of obtaining a warrant to search ones home is understood to be accompanied by harmful and unwanted touching of the home's occupants. Mr. Carter was a victim of this

14

Complaint for Damages

threat because of his race and gender. There was no probable cause or reasonable suspicion to form the basis for this threatened search.

62. Defendants are liable to Mr. Carter for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## ELEVENTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
### By All Plaintiffs Against All Defendants

63. Mr. Carter incorporates all preceding paragraphs, as though fully set forth herein.

64. Defendants violated Mr. Carter's clearly established rights under the United States and California Constitutions, as well as state and federal law, which include, but are not limited to, the following:

(i) First Amendment to the United States Constitution (violated by LA Fitness Defendants and Doe Defendant "Officer Tony")

(ii) Fourteenth Amendment to the United States Constitution (violated by LA Fitness Defendants and Doe Defendant "Officer Tony")

(iii) Fourth Amendment to the United States Constitution (violated by LA Fitness Defendants and Doe Defendant "Officer Tony")

(iv) California Constitution, Article 1:

§ 1 - Right to Happiness & Privacy (violated by LA Fitness Defendants and Doe Defendant "Officer Tony");

§ 2 - Right to Free Association (violated by LA Fitness Defendants and Doe Defendant "Officer Tony");

Complaint for Damages

§ 7 - Right to Due Process (violated by LA Fitness Defendants and Doe Defendant "Officer Tony"); and

§ 13 - Right to Protection against Unreasonable Searches and Seizures (violated by LA Fitness Defendants and Doe Defendant "Officer Tony")

(v)   California Civil Code § 51.7 (violated by LA Fitness Defendants and Doe Defendant "Officer Tony")

65.   Defendants violated Mr. Carter's clearly established rights under United States and California law by threats, intimidation, and/or coercion. Further, each act and/or violation of rights done by each Defendant to Mr. Carter was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

66.   Defendants are liable to Mr. Carter for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## NATURE OF ALL DEFENDANTS' ACTIONS

67.   Defendants acted maliciously, oppressively and conspiratorially in violating Mr. Carter's clearly established rights under United States and California law by threats, intimidation, and/or coercion.

68.   As a result of Defendants' unlawful conduct as alleged herein, Mr. Carter has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

## PRAYER FOR RELIEF

69.   **WHEREFORE**, Mr. Carter prays for the following relief from Defendants, and each of them, for each of the above causes of action:

Complaint for Damages

(i)     For compensatory damages, including general and special damages, according to proof;

(ii)     For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

(iii)     For statutory damages, according to proof;

(iv)     For prejudgment interest according to proof;

(v)     For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure § 1025.1; and any other applicable provisions;

(vi)     For costs of suit; and

(vii)     For such further relief which is just and proper.

Dated:  September 8, 2014.

Respectfully submitted,
ORANGE LAW OFFICES

By: _____
Olu K. Orange, Esq.
Attorney for Plaintiff

17

Complaint for Damages

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action.


Dated:  September 8, 2014.

Respectfully submitted,
ORANGE LAW OFFICES

By: _____
Olu K. Orange, Esq.
Attorney for Plaintiff

18

Complaint for Damages